99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony L. GREENHILL, Defendant-Appellant.
 No. 95-10411.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1996.*
Decided Oct. 7, 1996.
 
 1
 Before: CANBY and FERNANDEZ, Circuit Judges, and JONES, District Judge.***
 
 
 2
 MEMORANDUM****
 
 
 3
 Anthony Leon Greenhill was a parolee from the California State Prison System. After Greenhill had apparently violated his parole terms by leaving his residence and employment and had, perhaps, come into the possession of firearms, his parole officer ordered that he be arrested. He was, and a search incident to his arrest turned up a gun. He was then prosecuted for and convicted of the offense of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). He appeals and asserts that the gun should have been suppressed because it was discovered as the result of an illegal search. We affirm.
 
 
 4
 There is no doubt that a condition of Greenhill's parole was a requirement that he submit his person to searches without a warrant. Moreover, it is clear that a parole officer can arrest a parolee upon a reasonable belief that the parolee has violated his parole terms. See United States v. Rabb, 752 F.2d 1320, 1324 (9th Cir.1984), cert. denied, 471 U.S. 1019, 105 S.Ct. 2027, 85 L.Ed.2d 308 (1985); cf. United States v. Butcher, 926 F.2d 811, 814-15 (9th Cir.), cert. denied, 500 U.S. 959, 111 S.Ct. 2273, 114 L.Ed.2d 724 (1991). In addition, a parole officer may request the aid of the police; he need not make the arrest himself. See Butcher, 926 F.2d at 814; People v. Jochen, 46 Cal.App.3d 243, 246, 119 Cal.Rptr. 914, 915 (1975).
 
 
 5
 Here the information available to the parole officer amply justified his decision to arrest Greenhill and to enlist police aid in the process. Indeed, in light of what the officer knew, it would have been foolhardy had he done otherwise. The legality of his actions are not undercut by Greenhill's pointing to the Department of Corrections Operations Manual. Nothing in that manual indicates that it sets forth the only ways in which arrest with the aid of police can be effectuated, and the mere failure to follow those internal procedures, if they were supposed to be followed, does not render the arrest illegal. Cf. United States v. Caceres, 440 U.S. 741, 751-52, 99 S.Ct. 1465, 1471-72, 59 L.Ed.2d 733 (1979).
 
 
 6
 Thus, the search was justified both by the parole search term and by the legality of the arrest itself. See United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973); cf. United States v. Mota, 982 F.2d 1384, 1386-87 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Judge Price presided at trial and entered judgment in this case. However, Judge Coyle issued the order denying the motion to suppress, which is the subject of this appeal
 
 
 ***
 Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3